UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERICA K.,
         Plaintiff,

v.

MARTIN J. O'MALLEY, et al.,
         Defendants.

Case No. 24-cv-03740-DMR

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 14

    Self-represented Plaintiff Erica K. appeals the Commissioner of the Social Security Administration's (the "Commissioner's") suspension of her benefits, notice of overpayment, and dismissal of her hearing request. [Docket No. 1 (Compl.).] Plaintiff now moves for summary judgment. [Docket No. 14 (Mot.).] The Commissioner filed an opposition (Docket No. 16 (Opp'n)), and Plaintiff did not file a reply. For the reasons stated below, the court denies Plaintiff's motion.

**I.    PROCEDURAL HISTORY**

    Plaintiff was found disabled in February 2011. Administrative Record ("AR") 60. On November 1, 2018, following a continuing disability review, a disability examiner determined that Plaintiff's disability had ceased. AR 64-75. A consultative examination was scheduled for May 2019; however, Plaintiff failed to appear. AR 355-60; *see* AR 355-56 ("CE was scheduled to assess her current functioning[;] however claimant did not show for the CE."); AR 360 ("In order to obtain current functioning, IMCE was scheduled but claimant missed the CE – to date, no response to mail or voice messages – appears to again be I.E. for FTC for PH claim.")

    Plaintiff failed to appear at a June 19, 2019 hearing before a disability hearing officer. AR 130-32. In July 2019, the disability hearing officer issued a Notice of Reconsideration that found that Plaintiff was not disabled and that her disability ceased on October 19, 2018. AR 75,

138-40.  On October 1, 2019, Plaintiff requested a hearing by an administrative law judge ("ALJ") and indicated that she would like to appear at the hearing.  AR 141; *see* AR 151-53.  Plaintiff's basis for appeal was that she did not receive her notice of actions because her address had not been updated in the system.  AR 141.

An in-person hearing took place on March 20, 2023, which Plaintiff attended.  AR 41-56.  The ALJ explained that "the decision that [the ALJ] would be making is whether [Plaintiff] continue[s] to be disabled or whether health, physical or mental, has [improved] to the point where [Plaintiff] can work."  AR 47.  The ALJ advised Plaintiff that she "ha[d] the right to be represented by an attorney or a non-attorney advocate" that "[w]e can provide that list [of legal aid agencies and organizations that provide referrals to private attorneys] to [Plaintiff] today and if [Plaintiff] decide[s] [she would] like more time to get legal advice or representation [the ALJ] can grant one more postponement for this hearing."  AR 45-46.   Plaintiff "would continue to receive [her] benefits . . . pending through until [the ALJ] ma[d]e a decision[.]"  AR 46.

At the hearing, Plaintiff requested a postponement so she could obtain evidence from her doctor, which the ALJ granted.  AR 47.  Plaintiff provided her mailing address, and the ALJ informed her that "we will also be sending you a notice in the mail with a new hearing date."  AR 52, 54-55.  The ALJ stated that "you can also come back in person, just like you are today, or you can agree to do it over the telephone or through online video[. W]hen you get a notice of hearing I think it tells you what your options are and you can agree to any of those."  AR 55.

On March 21, 2023, the Office of Hearings Operation sent Plaintiff an Important Notice About Representation that provided a list of organizations she could contact to try to retain counsel.  AR 261-62.

The hearing was rescheduled for July 10, 2023.  AR 263-67.  A Notice of Hearing dated April 15, 2023 informing Plaintiff of the new date was sent to Plaintiff at the address that she provided at the March 20, 2023 hearing.  *Id.*; *see* AR 52. The Notice of Hearing warned Plaintiff that "**It Is Important That You Attend Your Hearing**" and that "[i]f you do not attend the hearing, I may dismiss your request for hearing, without further notice, unless I find that you have a good reason for not attending."  AR 263 (emphasis in the original).

On June 12, 2023, the Office of Hearings Operations sent Plaintiff a Notice of Hearing – Important Reminder, which stated that "[w]e recently mailed you a Notice stating the time and place of the hearing you requested" and provided the date and time for the hearing. AR 281. It further advised Plaintiff that "[i]f you do not attend the hearing, the administrative law judge (ALJ) may **dismiss** your request for hearing, without further notice, unless he or she finds that you have a good reason for not attending. If you do not understand this notice, or if some unexpected problem arises, please call this hearing office at the phone number listed above." *Id.* (emphasis in the original).

Plaintiff did not attend the July 10, 2023 hearing. AR 284. The ALJ sent a letter to Plaintiff stating that "[s]ince you did not appear at your hearing, you will need to show good cause if you still want to have a hearing with an administrative law judge." *Id.* In response, Plaintiff explained that she missed the hearing because "[i]t took 20 minutes just to get into [the] federal [building], and that "3-4 days per [week] I cannot be far from a toilet and today was one of them." AR 353. Plaintiff further stated that she needed additional time to collect evidence of her disability and that she "d[id] not understand the way to get a lawyer for free to help [her] with this appeal." AR 353-54.

The ALJ found good cause to reschedule the hearing "one more time" but warned Plaintiff that, "[i]f you do not appear for your next hearing, your case may be dismissed." AR 287. On July 14, 2023, Plaintiff was issued a Notice of Hearing, which stated that the hearing had been rescheduled to October 2, 2023. AR 288. Under a heading titled "**It Is Important That You Attend Your Hearing**," the Notice stated, "I have set aside this time for you to tell me about your case. If you do not attend the hearing, I may dismiss your request for hearing, without further notice, unless I find that you have a good reason for not attending." *Id.* (emphasis in the original). The Notice further informed Plaintiff that "[y]ou may ask us if you want to appear by telephone" and that the ALJ "will schedule you to appear by telephone if we find that it is not possible for you to attend in person or by video teleconference, or other extraordinary circumstances prevent you from attending in person or by video teleconference." *Id.* The Notice of Hearing requested that Plaintiff "complete and return the enclosed acknowledgement form at the earliest opportunity." *Id.*

When Plaintiff did not return the acknowledgement form, on September 5, 2023, the Office

of Hearings Operations sent Plaintiff a Notice of Hearing – Important Reminder, stating that "[w]e recently mailed you a Notice stating the time and place of the hearing you requested" and again providing the date and time for the hearing. AR 306. This Notice again warned Plaintiff that "[i]f you do not attend the hearing, the administrative law judge (ALJ) may **dismiss** your request for hearing, without further notice, unless he or she finds that you have a good reason for not attending. If you do not understand this notice, or if some unexpected problem arises, please call this hearing office at the phone number listed above." *Id.* (emphasis in the original).

Plaintiff did not appear at the October 2, 2023 hearing, and the ALJ subsequently sent her a notice stating that "you will need to show good cause if you still want to have a hearing with an administrative law judge." AR 307. Plaintiff responded that she "mixed up the date" and "wrote 10-3-23 back in July 2023." AR 311. Plaintiff also requested "to change to a phone court hearing if I am [given] 'good cause' and giv[e]n another date." AR 313.

On November 27, 2023, the ALJ issued an Order of Dismissal. AR 36-38; *see* AR 33-35 (notice of dismissal). After analyzing the factors set forth in 20 CFR § 416.1457(b)(2), the ALJ found "there is no good cause or good reason for the claimant's failure to appear at the time and place of the hearing." AR 37. Plaintiff was informed of the hearing date, had twice failed to appear at hearings, and "failed to adequately participate in this continuing disability review for many years, which does not inspire confidence that scheduling a third hearing will result in her attendance." *Id.* (citation omitted). Moreover, although Plaintiff had been offered a telephonic hearing (AR 288), she did not request one until she was asked to explain the reason for her failure to appear. AR 37. Plaintiff also "had many months to seek assistance from a representative." *Id.* Furthermore, although Plaintiff realized that she missed her October 2, 2023 hearing that same day, "there is no evidence [Plaintiff] called the agency on the day of her hearing to inquire about her hearing or ask for a phone hearing that day." *Id.* Plaintiff also "speaks, reads, writes and understands English," "has a 12th grade education," and that her "failure to appear is not explained by lack of mental capacity." *Id.* The ALJ also found that Plaintiff "has physical impairments, including wrist deformities and a cervical spine condition, which qualified her for benefits in the past but which do not explain her failure to appear for the hearings," particularly where "she was physically and

4

mentally able to attend the March 20, 2023 hearing and respond in writing to two notices to show cause." *Id.* "Based on the totality of the circumstances, the [ALJ] d[id] not find good cause for the claimant's failure to attend the second hearing," dismissed Plaintiff's request for hearing dated October 1, 2019, and found that "the determination dated July 5, 2019, remains in effect." *Id.*; *see* AR 75, 138-41.

Plaintiff appealed the ALJ's Order of Dismissal of the Appeals Council on grounds that she did not receive the Notice of Hearing. AR 3-4. The Appeals Council denied the appeal, "f[inding] that [Plaintiff's] reasons do not provide a basis for changing the Administrative Law Judge's dismissal." AR 1.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Biestek*, 587 U.S. at 103 (citation omitted). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's

decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (cleaned up).

### III.  ISSUES FOR REVIEW

Before turning to the merits of Plaintiff's motion, the court first considers the scope of her appeal to this court. The basis for Plaintiff's motion is not entirely clear. Plaintiff states that "I do not agree with much of the papers I submitted that I got as SSA responding to my filed . . . District Court case" and that "I'm sure that if I get my day in court I can explain all that is wrong with that [SSA] file about me[.]" Mot. at ECF p.1-2; *see* Docket No. 15 (Pl. Decl.) at 1 ("I included the record from SSA of my file because I see many many discrepancies of the facts. I want to have my day and set it [straight]."). Plaintiff does not identify what in her SSA file she disagrees with or why, or what the factual discrepancies are. Plaintiff's complaint, however, identifies the following: "notice of dismissal," "notice of overpayment," and "benefits suspended." Compl. at 1.

An individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). "Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court":

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. *See* 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Smith v. Berryhill*, 587 U.S. 471, 475-76 (2019). "While § 405(g) delegates to the SSA the authority to dictate which steps are generally required [for judicial review], . . . exhaustion of those steps may not only be waived by the agency, . . . but also excused by the courts[.]" *Id.* (citations omitted); *see id.* at 484 ("[T]he Court's precedents do not make exhaustion a pure necessity, indicating instead that while the SSA is empowered to define the steps claimants must generally take, the SSA is not also the unreviewable arbiter of whether a claimant has sufficiently complied with those steps.") (citations omitted).

1     Nevertheless, "[f]undamental principles of administrative law . . . teach that a federal court
2  generally goes astray if it decides a question that has been delegated to an agency if that agency has
3  not first had a chance to address the question." *Id.* at 488.   Supreme Court precedent "discussing
4  exhaustion in the Social Security context confirm[s] the prudence of applying this general
5  principle . . . where the agency's final decisionmaker has not had a chance to address the merits at
6  all." *Id.*

7     Here, the Commissioner concedes that "[t]his Court has jurisdiction to review the findings
8  included in the ALJ's 2023 dismissal" but argues that, as "that dismissal did not include any findings
9  on an overpayment, waiver of overpayment, or any subsequent application for disability[,]" those
10 issues are not subject to appeal. Opp'n at 7.  The court agrees.  The Appeals Council addressed only
11 one issue: Plaintiff's "request for review of the Administrative Law Judge's dismissal dated
12 November 27, 2023." AR 1; *see* AR 33-38 (notice of dismissal).  The court thus finds that it may
13 consider the dismissal of Plaintiff's request for a hearing.  *See Curlee v. Comm'r of Soc. Sec.*, No.
14 20-CV-00145-SAB, 2022 WL 993005, at *2-3 (E.D. Cal. Apr. 1, 2022), *aff'd sub nom. Curlee v.
15 O'Malley*, No. 22-15655, 2024 WL 2103275 (9th Cir. May 10, 2024) (court had jurisdiction to
16 review Appeals Council's denial of plaintiff's request to review ALJ's dismissal of request for
17 hearing due to failure to appear); *Johnson v. O'Malley*, No. 23-CV-481 JLS (AHG), 2024 WL
18 2000641, at *12 (S.D. Cal. May 6, 2024), *reconsideration denied*, No. 23-CV-481 JLS (AHG), 2024
19 WL 2965596 (S.D. Cal. June 11, 2024), *and appeal dismissed*, No. 24-4808, 2024 WL 4763192
20 (9th Cir. Aug. 29, 2024) ("[T]he Court is satisfied that, given the circumstances of this case, the
21 ALJ's decision to dismiss Plaintiff's request for a hearing for failing to appear—made binding after
22 the Appeals Council denied review—is a 'final decision . . . made after a hearing' within the
23 meaning of § 405(g).") (ellipses in the original).

24    However, the Appeals Council did not consider Plaintiff's overpayment or suspension of
25 benefits and therefore has not addressed the merits of those claims. *See* AR 1-2.  Accordingly, the
26 court declines to consider those issues.  *See Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL
27 1225542, at *3 (D. Md. Mar. 31, 2021) ("confin[ing] . . . review to the finding that plaintiff failed
28 to demonstrate good cause for his failure to appear at his hearing" and not reviewing the merits of

7

1 plaintiff's disability claim).

2 **IV.   DISCUSSION**

3      The court finds that substantial evidence supports the ALJ's dismissal of Plaintiff's request

4 for a hearing.  Pursuant to 20 C.F.R. § 404.957(b), "[a]n administrative law judge may dismiss a

5 request for a hearing" if

> (1)(i) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and you have been notified before the time set for the hearing that your request for hearing may be dismissed without further notice if you did not appear at the time and place of hearing, and good cause has not been found by the administrative law judge for your failure to appear; or
>
> (ii) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and within 10 days after the administrative law judge mails you a notice asking why you did not appear, you do not give a good reason for the failure to appear.
>
> (2) In determining good cause or good reason under this paragraph, we will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have.

15 *See also* I-2-4-25. Dismissal Due To Claimant's Failure To Appear, 1993 WL 643012, at *2 ("Good

16 cause" is defined as "a reasonable explanation for failing to comply with a requirement" and,

17 "[w]hen determining whether good cause exists for failure to appear, an ALJ must base their

18 decision on the circumstances of each case[,]" including "any physical, mental, educational, or

19 linguistic limitations that may have prevented the claimant from appearing at the scheduled time

20 and, if applicable, place of the hearing . . .").

21      The record shows that Plaintiff received notice of the hearings and was warned that her

22 request for a hearing may be dismissed if she failed to appear.  She was sent two written notices

23 informing her of the date and time of the July 10, 2023 hearing.  AR 263, 281.  Plaintiff similarly

24 received two written notices for the October 2, 2023 hearing.  AR 288, 306.  Each of these notices

25 advised Plaintiff that the ALJ may dismiss her request for hearing if she failed to appear.  AR 263,

26 281, 288, 306.  The notices further informed Plaintiff that she could request to attend the hearings

27 remotely. AR 263, 288.  Moreover, after she failed to appear at the July 10, 2023 hearing, Plaintiff

28 was advised that "[y]our hearing will be rescheduled one more time.  If you do not appear for your

next hearing, your case may be dismissed." AR 287. Despite these repeated warnings, Plaintiff failed to attend both the July 10 and the October 2, 2023 hearings (AR 284, 307), and nothing in the record indicates that Plaintiff attempted to reschedule them or to appear remotely.

Nor can the court find that the ALJ erred in finding that Plaintiff did not demonstrate good cause to excuse her failure to appear at the October 2, 2023 hearing. Plaintiff's statement confirms that she received notice of the hearing, but wrote down an incorrect date. AR 311 ("I mixed up the date. I looked wrong and wrote 10-3-23 back in July 2023 . . . . The Monday 10-2 I did finally find papers . . . . It was in fact Monday not Sunday and the date was not 10-3 but 10-2."). The evidence shows that Plaintiff was aware of the hearing, understood that she must attend and the consequences if she did not appear, and that she could have requested a telephonic hearing if her physical limitations prevented her from leaving her house. AR 311-13. Plaintiff's history of missing three other hearings (AR 130-32, 287, 355-60) provides further justification for the ALJ's decision to dismiss her request for hearing.

On this record, the court cannot conclude that the ALJ clearly erred in finding that Plaintiff lacked good cause such that the dismissal of her request for hearing was improper. *See Biestek*, 587 U.S. at 103 ("[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla. . . . It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (citation omitted).

## V. CONCLUSION

For these reasons, the court denies Plaintiff's motion for summary judgment. A separate judgment will follow.

**IT IS SO ORDERED.**

Dated: September 8, 2025

_____
Donna M. Ryu
Chief Magistrate Judge